# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 12 2018, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Amanda L. Brummett, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 12, 2018 <br><br> Court of Appeals Case No. <br> 79A02-1710-CR-2284 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. <br> 79D02-1608-FC-6 |

**Altice, Judge.**

## Case Summary

After pleading guilty to welfare fraud as a Class D felony and Medicaid fraud as a Class D felony, Amanda L. Brummett was sentenced to an aggregate four-year sentence. On appeal, Brummett argues that her sentence is inappropriate.

We affirm.

## Facts & Procedural History

An investigation revealed that Brummett had provided false and misleading information in her application to obtain certain benefits from government agencies. On August 4, 2016, the State charged Brummett with three counts of welfare fraud, one as a Class C felony (Count I) and two as Level 6 felonies (Counts II and III). The State also alleged that Brummett was a habitual offender.[1] On May 16, 2017, the State filed an amended charging information, charging Brummett with Medicaid fraud as a Class D felony (Count V) and amending Count I to a charge of welfare fraud as a Class D felony. That same day, Brummett pled guilty to amended Count I and Count V. Pursuant to a plea agreement, the remaining charges as well as a petition to revoke probation in another action were dismissed.

The trial court held a sentencing hearing on August 31, 2016, and issued its sentencing order that same day. The court found the following aggravating factors: Brummett's criminal history; failed probation; failed community

---

[1] The trial court granted the State's subsequent motion to dismiss the habitual offender allegation.

corrections; eight alleged violations of probation, three of which were found true; Brummett was on probation at the time of the offenses; and prior efforts at rehabilitation had failed. In mitigation, the trial court noted Brummett's guilty plea, health issues, family support, and her recent employment. The trial court found that the aggravators outweighed the mitigators and sentenced Brummett to consecutive terms of two years on each count, for an aggregate sentence of four years. Brummett now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

[5]     Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014), *cert. denied*, 135 S.Ct. 978 (2015). Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as

substantial virtuous traits or persistent examples of good character).” *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[6] The determination of whether we regard a sentence as inappropriate “turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.” *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell*, 895 N.E.2d at 1224). Moreover, “[t]he principal role of such review is to attempt to leaven the outliers.” *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived “correct” sentence in each case. *Knapp*, 9 N.E.3d at 1292. Accordingly, “the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate.” *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

[7] In order to assess the appropriateness of a sentence, we first look to the statutory range established for the classification of the relevant offense. Brummett was convicted of two Class D felonies, the sentencing range for which is six months to three years, with an advisory sentence of one and a half years. Ind. Code § 35-50-2-7. Brummett was sentenced to two years on each

Class D felony conviction and the sentences were ordered to be served consecutively, for an aggregate four-year sentence.[2]

[8] With regard to the nature of the offenses. Brummett's welfare fraud involved obtaining aid from the Indiana Family and Social Services Administration's (FSSA) Supplemental Nutrition Assistance Program (SNAP) by providing FSSA with false and misleading information. As a result of her application, Brummett received more than $250.00 but less than $2,500.00 in aid. During this same time frame, Brummett also sought and received benefits from the Medicaid program by providing false and misleading information. Specifically, she claimed that she was pregnant when she was not. But for Brummett's false and misleading claims, she would not have received Medicaid coverage according to the rules and regulations governing the Medicaid process. In total, Brummett received aid in the amount of $16,422.39, to which she was not entitled. The trial court appropriately summed up the nature of the offense as follows:

> [Y]ou are the epitome of people who come in and play the system. . . . This was an elaborate scheme by you where you falsified records; you lied about pregnancies and births for goodness sakes. You made up fictional children just to cheat the system. And then you presented other additional fraudulent

[2] The State concedes that the convictions arose out of a single episode of criminal conduct, and thus, four years is the maximum sentence Brummett could have received. *See* I.C. § 35-50-1-2(c) ("except for crimes of violence, the total of the consecutive terms of imprisonment . . . to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted"). The advisory sentence for a Class C felony is four years. *See* I.C. § 35-50-2-6.

documents showing you were pregnant or what not. I was struck by your statement here today that you say I made a mistake, I made a mistake. This is not a mistake. This has been an ongoing pattern with you and these crimes in particular were deliberate, were thought out, and were part of your criminal conspiracy, if you will, to defraud the welfare agency at the expense of other legitimate pregnant women or people out there that need the benefits. . . . And I look at your history and there is a repetitive nature here, not only to cheat the welfare system, but you have a problem with honesty.

*Transcript Vol. 2* at 70-71.

[9] With regard to Brummett's character, her criminal history is telling. The record reveals that Brummett's juvenile and criminal history dates back to 1995 and includes four prior misdemeanor convictions and five prior felony convictions, many of which are similar in nature to the instant offenses.

[10] Brummett's juvenile history includes adjudications for theft, leaving home without permission of a parent, curfew violation, and operating a vehicle without a license. As an adult, Brummett's history incudes numerous charges/convictions of check deception and other crimes of dishonesty. In March 2007, Brummett was charged with two counts of check deception, but the court withheld judgment contingent upon payment of a diversion program fee, completion of money management school, and payment of restitution. Six months later, in September 2007, Brummett was again arrested and convicted of check deception and she received a suspended sentence. Four years after that, in September 2011, Brummett was convicted of yet another charge of

check deception following the filing of three counts for the same. Based on these charges, Brummett's probation in a previous cause was revoked.

[11] In December 2011, Brummett was charged with check fraud, false informing, and theft, and was ultimately convicted of the first two. For these convictions, Brummett received a short period of incarceration and a period of unsupervised probation. Within the next year, Brummett was convicted of a single count of check fraud. In October 2012, the State filed a thirteen-count information, of which Brummett was convicted of three offenses: fraud on a financial institution, check fraud, and theft. Brummett was sentenced to six years, with four years executed and two years of supervised probation. Brummett's history includes numerous alleged probation violations, three of which were found true. In fact, she was on probation when she committed the instant offenses.

[12] We also find revealing of Brummett's character the fact that she made up two different children and applied for benefits on their behalf, benefits that she then kept for herself. She also falsified documents and claimed to be pregnant in order to receive Medicaid benefits.

[13] Brummett's long history of financial crimes and crimes of dishonesty, as well as her failures at probation, demonstrate that she has not learned from her mistakes. Further, she has squandered opportunities for rehabilitation and the considerable leniency previously afforded her. Given the foregoing, we cannot

say that the aggregate four-year sentence imposed by the trial court is inappropriate.[3]

[14]     Judgment affirmed.


May, J. and Vaidik C.J., concur.

---

[3] To the extent Brummett argues that that her convictions would have violated principles of double jeopardy had she gone to trial and that such is relevant to our review of the appropriateness of her sentence, we note that such determination cannot be made on the record before us. Further, as Brummett properly acknowledges, she has waived any claim of double jeopardy by pleading guilty. *See Mapp v. State*, 770 N.E.,2d 332, 334-35 (Ind. 2002).